**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE JONES, | CASE NO. 1:09-cv-00957-DLB (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| ROBERT MCFADDEN, et al., | (Doc. 12) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.    Background**

    **A.    Procedural History**

Plaintiff Prince Jones ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which provides a remedy for violations of civil rights by federal actors. Plaintiff initiated this action by filing his complaint on June 2, 2009. On October 14, 2009, the Court dismissed Plaintiff's complaint with leave to file a first amended complaint. On November 30, 2009, after receiving an extension of time, Plaintiff filed his first amended complaint. (Doc. 12.)

    **B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Plaintiff's First Amended Complaint**

Plaintiff is currently incarcerated in Philadelphia, Pennsylvania. Plaintiff was formerly incarcerated at United States Penitentiary - Atwater ("USP-Atwater") in Atwater, California, where the events giving rise to this action occurred. Plaintiff names as defendants Eckert, the acting food administrator, and Heck, a food service employee at USP-Atwater.

Plaintiff alleges the following. Plaintiff is a practicing Muslim and also an imam. There was a lockdown at USP-Atwater from June 20, 2008 until September 8, 2008. During this time, inmates were served food at their cells. Food services during breakfast served a product called "frosted strawberry toasted pastries." Plaintiff inquired as to the ingredients in this product and was told by staff that the product contained no pork.

On September 8, 2008, lockdown ceased, and Plaintiff was contacted by an inmate Snow, who told Plaintiff that the pastries contained pork. Snow attempted to procure a box that had the ingredients, but defendant Heck took away the box and said that they had already contacted the

2

vendor who verified that there was no pork product.  Snow informed Plaintiff of another box on a table.  Plaintiff checked the ingredients, wrote down the number of the company, and had his wife call the vendor.  She was told by a company representative that the pastries did have pork product.  Plaintiff filed a grievance, and USP-Atwater stopped serving the pastries to Muslim inmates.  Plaintiff seeks declaratory judgment, and compensatory and punitive damages.

**III.     Discussion**

     **1.**     *Free Exercise Clause*

Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment.  "[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Clement v. Cal. Dep't of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Beard v. Banks*, 548 U.S. 521, 526 (2006). Courts should accord prison officials great deference when analyzing the constitutional validity of prison regulations. *See id.* at 528-30; *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).[1]

In determining whether a prison regulation is reasonably related to a legitimate penological interest, the court should consider the following factors: (1) whether there is a valid, rational connection between the regulation and the interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. *See Beard*, 548 U.S. at 529; *Overton*, 539 U.S. at 132; *Turner*, 482 U.S. at 89-91; *Bahrampour v. Lampert*, 356 F.3d 969, 975-76 (9th Cir. 2004).

Plaintiff alleges that defendants should have checked the ingredients in the pastries before

---

[1] Actions under § 1983 and under *Bivens* are generally identical save for the replacement of a state actor under § 1983 with a federal actor under *Bivens*.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

serving them to Plaintiff and other Muslim inmates.  Plaintiff is alleging that the negligent acts of defendants caused a constitutional violation.

As stated in the Court's October 14, 2009 order, the Ninth Circuit has not squarely addressed the issue of whether or not negligence is sufficient to state a violation of the free exercise of religion.  Two district courts have found that negligence is not sufficient to state a valid claim for violation of an inmate's Free Exercise rights.  *See Lewis v. Mitchell*, 416 F. Supp. 2d 935 (S. D. Cal. 2005); *Shaheed v. Winston*, 885 F. Supp. 861 (E.D. Va. 1995), *aff'd* 161 F.3d 3 (4th Cir. 1998).  In *Lewis*, the court found that "prohibiting" within the meaning of the Free Exercise Clause "suggests a conscious act," rather than mere negligence.  416 F. Supp. 2d at 944 (citing *Shaheed*, 885 F. Supp. at 868).  The *Lewis* court thus found that an inmate plaintiff must assert more than negligence to state a valid claim for the violation of an inmate's Free Exercise rights.  *Id.*  Instead, "[a plaintiff] must allege conscious or intentional acts that burden his free exercise of religion."  *Id.*  This Court adopts the *Lewis* court's sound rationale.[2]  An inmate must allege a conscious or intentional act that burdened his free exercise of religion in order to state a claim.

Plaintiff's allegations here amount to at most negligence on the part of defendants.  Defendant Heck allegedly lied to Plaintiff, but Plaintiff fails to demonstrate that Defendant Heck intended to burden Plaintiff's free exercise of his religion.  Plaintiff fails to state a violation of the Free Exercise Clause.

**2.**     ***Supervisory Liability***

Plaintiff makes allegations against Defendant Eckert as acting food services administrator.  Plaintiff appears to be alleging liability under a respondeat superior theory.  Supervisory personnel are generally not liable under § 1983 or *Bivens* for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must

---

[2] The United States Supreme Court has found that negligence does not give rise to a constitutional violation in the context of the Due Process Clause of the Fourteenth Amendment.  *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).  The *Lewis* court similarly followed the Supreme Court's line of reasoning with respect to the free exercise of religion.

4

1  be specifically alleged.  *See Iqbal*, 129 S. Ct. at 1949; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th
2  Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941
3  (1979).  To state a claim for relief under § 1983 or *Bivens* based on a theory of supervisory
4  liability, Plaintiff must allege some facts that would support a claim that supervisory defendants
5  either: personally participated in the alleged deprivation of constitutional rights; knew of the
6  violations and failed to act to prevent them; or promulgated or "implemented a policy so
7  deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force
8  of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal
9  citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

10  Here, Plaintiff at most alleges liability against Defendant Eckert under a respondeat
11  superior theory.  Plaintiff fails to allege any facts that indicate Defendant Eckert personally
12  participated in an alleged deprivation, knew of the violations and failed to act to prevent them, or
13  promulgated or implemented a policy that is itself a repudiation of constitutional rights.  *Hansen*,
14  885 F.2d at 646.

15  **IV.    Conclusion**

16  Plaintiff's complaint fails to state any claims against any of the named defendants under
17  *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  Plaintiff was previously
18  provided with the opportunity to cure the deficiencies in his complaint, but was unable to do so.
19  Further leave to amend will not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)
20  (en banc).

21  Accordingly, it is HEREBY ORDERED that this action is DISMISSED with prejudice
22  for failure to state a claim upon which relief may be granted.  This dismissal counts as a strike
23  pursuant to 28 U.S.C. § 1915(g).

24  IT IS SO ORDERED.

25  Dated:   **May 27, 2010**                    /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE